**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000534**
**29-OCT-2025**
**07:50 AM**
**Dkt. 35 MO**

NO. CAAP-22-0000534 and CAAP-22-0000545
(consolidated)

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


LINDA S. MARTELL, Petitioner/Appellant-Appellee, v.
EMPLOYEE RETIREMENT SYSTEM, STATE OF HAWAI'I and
BOARD OF TRUSTEES OF THE EMPLOYEE RETIREMENT SYSTEM,
STATE OF HAWAI'I, Respondents/Appellees-Appellants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-21-0001449)


MEMORANDUM OPINION
(By: Leonard, Presiding Judge, Wadsworth and McCullen, JJ.)

In this secondary agency appeal, Respondent/Appellee-Appellant Employee Retirement System, State of Hawai'i (the **ERS**), and Appellee-Appellant Board of Trustees of the Employee Retirement System, State of Hawai'i (the **ERS Board**) (collectively, the **ERS Parties**), appeal from the August 10, 2022 Final Judgment (**Judgment**), and the September 9, 2022 Amended Final Judgment (**Amended Judgment**), both entered by the Circuit Court of the First Circuit (**Circuit Court**) in favor of Petitioner/Appellant-Appellee Linda S. Martell (**Martell**).[1] The ERS Parties also challenge the Circuit Court's August 10, 2022

---

[1] The Honorable James S. Ashford presided.

Order Resolving Appeal (**Order Resolving Appeal**) and September 9, 2022 Order Granting Appellant's Motion to Amend and Correct Final Judgment (**Order to Amend Judgment**).

I.   BRIEF SUMMARY OF PROCEEDINGS

On January 16, 2018, this case was initiated by Martell with a Petition for Contested Case Hearing (**Petition**) alleging that the ERS improperly stopped crediting her service as a per diem judge toward her retirement benefits, as stated in a November 16, 2017 letter from the ERS to Martell (**2017 ERS Letter**).  Martell sought continued ERS membership and services and alleged, *inter alia*, that the ERS engaged in illegal rule-making.  On October 26, 2020, Martell filed an Amended Petition for Contested Case Hearing (**Amended Petition**), which added a breach of contract claim.  After various filings by the parties, and a hearing before an Administrative Hearings Officer (**Hearings Officer**), the Hearings Officer issued a decision on January 7, 2021, mostly in favor of the ERS, which was sent to the ERS Board for review and determination.

The ERS Board issued a Proposed Decision on August 2, 2021 (**Proposed Decision**), Martell filed exceptions, ERS filed objections to the exceptions, and a hearing was held.  On November 17, 2021, the ERS Board entered a Final Decision that, *inter alia*, denied and dismissed the Amended Petition (**Final Decision**).

Martell timely appealed the Final Decision to the Circuit Court.  After briefing by the parties, and a hearing, on May 27, 2022, the Circuit Court entered a minute order, ruling

that Martell was entitled to relief from the Final Decision, but requesting further briefing on the remedy. After further briefing and a hearing, the Circuit Court entered the Order Resolving Appeal, which reversed the Final Decision and remanded the case to the ERS Board with instructions, and the Judgment. The Circuit Court subsequently entered a further order and the Amended Judgment, correcting the date range of Martell's further creditable service.

On September 7 and 12, 2022, the ERS Parties timely appealed to this court from the Judgment and the Amended Judgment, respectively. Martell did not cross-appeal from the Circuit Court's ruling that the ERS did not err in rejecting Martell's claims for contractual and/or equitable relief.

## II. POINTS OF ERROR

The ERS Parties raise two points of error on appeal, contending that: (1) the Circuit Court erred in ruling that the ERS's March 6, 1990 Memorandum (**1990 Memorandum**) and the ERS's October 20, 2017 Memorandum (**2017 Memorandum**) are rules; and (2) assuming, *arguendo*, that the 1990 and 2017 Memoranda are rules, the Circuit Court erred in reversing the ERS Board's Final Decision and awarding further service credit to Martell.

## III. APPLICABLE STANDARDS OF REVIEW

"Review of a decision made by the circuit court upon its review of an agency's decision is a secondary appeal. The standard of review is one in which this court must determine whether the circuit court was right or wrong in its decision, applying the standards set forth in Hawaii Revised Statutes (**HRS**)

3

§ 91-14(g) [1993] to the agency's decision." Flores v. Bd. of Land & Nat. Res., 143 Hawaiʻi 114, 120, 424 P.3d 469, 475 (2018) (citing Paul's Elec. Serv., Inc. v. Befitel, 104 Hawaiʻi 412, 416, 91 P.3d 494, 498 (2004)). Pursuant to HRS § 91-14(g) (Supp. 2024),[2] an agency's conclusions of law are reviewed *de novo*, while under HRS § 91-14(g)(5), an agency's factual findings are reviewed for clear error. Paul's Elec. Serv., 104 Hawaiʻi at 420, 91 P.3d at 502 (internal citation omitted).

> In order to preserve the function of administrative agencies in discharging their delegated duties and the function of this court in reviewing agency determinations, a presumption of validity is accorded to decisions of administrative bodies acting within their sphere of expertise and one seeking to upset the order bears "the heavy burden of making a convincing showing that it is invalid because it is unjust and unreasonable in its consequences."

Sierra Club v. D.R. Horton-Schuler Homes, LLC, 136 Hawaiʻi 505,

---

[2]    HRS § 91-14 provides in relevant part:

**§ 91-14  Judicial review of contested cases.**

. . . .

(g) Upon review of the record, the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

4

516, 364 P.3d 213, 224 (2015) (quoting In re Haw. Elec. Light Co., 60 Haw. 625, 630, 594 P.2d 612, 617 (1979)). "'[I]n deference to the administrative agency's expertise and experience in its particular field, the courts should not substitute their own judgment for that of the administrative agency where mixed questions of fact and law are presented. This is particularly true where the law to be applied is not a statute but an administrative rule promulgated by the same agency interpreting it.'" Fratinardo v. Emps.' Ret. Sys., 129 Hawaiʻi 107, 111, 295 P.3d 977, 981 (App. 2013) (quoting Camara v. Agsalud, 67 Haw. 212, 216, 685 P.2d 794, 797 (1984)). Accordingly, appellate courts review findings of fact and mixed questions of law and fact under the "clearly erroneous" standard, BCI Coca-Cola Bottling Co. of L.A., Inc. v. Murakami, 145 Hawaiʻi 38, 43, 445 P.3d 710, 715 (2019), because the conclusion is dependent upon the facts and circumstances of the particular case. Yoshii v. State, 137 Hawaiʻi 437, 447, 375 P.3d 216, 226 (2016).

Statutory interpretation is a question of law reviewable *de novo*. Stout v. Bd. of Trustees of the Emps. Ret. Sys., 140 Hawaiʻi 177, 185, 398 P.3d 766, 774 (2017) (citation omitted).

IV. DISCUSSION

A. Exclusion From ERS Membership

The overarching issue in this case is whether the ERS was wrong in concluding that, as a per diem judge, Martell was excluded from ERS membership as of October 1, 2017.

5

As stated above, on November 16, 2017, the ERS wrote to Martell and informed her that the ERS would no longer credit her part-time per diem judge service toward her ERS retirement benefits, effective October 1, 2017.  Specifically, the ERS stated:

> As of October 1, 2017, the ERS will no longer credit membership service as per diem judge as the position is based on 20% full time equivalence (FTE) which does not meet the ERS requirement of membership service.  The ERS revisited the Hawaii Administrative Rules, specifically, Section 6-21-14, Employees excluded from membership, which states in part
>
>> "(5)  Persons in any position requiring less than one-half or full time employment, including but not limited to, lecturers . . . "
>
> Prior to September 30, 2017, the ERS credited your per diem judge service which you have accrued provided you worked at least 10 days per month and retirement contributions at 7.8% was deducted from your salary.  Any retirement contributions deducted after October 1, 2017 will be refunded to you via Judiciary payroll and interest earned will be refunded by the ERS.

In the Final Decision, the ERS Board also concluded that under HRS § 88-43 (2012) and Hawaii Administrative Rules (**HAR**) §§ 6-21-14(5) and 6-21-15(a), Martell was not eligible for ERS membership and/or credit for her part-time service as a per diem judge, effective October 1, 2017.  In the Order Resolving Appeal, the Circuit Court concluded that the ERS Board did not err in its interpretation of HAR § 6-21-14.  The Circuit Court nevertheless concluded that Martell could not be excluded from ERS membership beginning on October 1, 2017, because the ERS's October 20, 2017 Memorandum constituted illegal rule-making.

We begin with the statutes applicable to ERS membership here.  HRS § 88-42 provides, in part:

> **§ 88-42  Membership generally.**  Except as otherwise provided in this part, all employees of the Territory or any county on July 1, 1945, shall be members of the system on that date, and all persons who thereafter enter or reenter the service of the State or any county shall become members at the time of their entry or reentry.  Per diem workers shall become eligible for membership on January 1, 1952, and

6

all persons who are employed as per diem workers after December 31, 1951, shall become members of the system. Any person who was a per diem worker before January 1, 1952, so long as the person is employed as a per diem worker, shall not be required to become a member or to remain a member if the person has elected before October 2, 1953, to withdraw as a member.

HRS § 88-43 provides:

> **§ 88-43  Persons ineligible for membership.** Except with respect to faculty members or lecturers employed on one or more campuses of the University of Hawaii who hold multiple part-time appointments or positions, in such capacities, any of which may be less than one-half of a full-time equivalent but all of which, when added together, aggregate to at least one-half of a full-time equivalent position, the board may deny membership to any class of part-time employees or persons engaged in temporary employment of three months or less; provided that no officer or employee entering service after January 1, 1928, who is entitled to become a member of any pension system under part III shall be entitled to become a member of the system.

We also consider its implementing administrative rule, HAR § 6-21-4, which provides in relevant part:

> **§ 6-21-14 Employees excluded from membership.** The following classes of employees shall be excluded from membership in the system:
>
> . . . .
>
> (5)    Persons in any position requiring less than one-half or full-time employment, including but not limited to, [certain] lecturers . . .

In <u>Vail v. [ERS]</u>, 75 Haw. 42, 43, 856 P.2d 1227, 1230 (1993) (syllabus),[3] the Hawaiʻi Supreme Court held, *inter alia*, that:

> 11.  HRS § 88-43 clearly gives the ERS the power to deny membership to any class of part-time employees, and is therefore a specific qualification of HRS § 88-42's blanket admission of all employees to the system.
>
> 12.  Per diem employees are included in the class of part-time employees to whom the agency may deny membership in the system under HRS § 88-43 and its implementing administrative rule.

---

[3]    See <u>Vail</u>, 75 Haw. at 63-65, 856 P.2d at 1238-40, for the supreme court's more detailed analysis.

Thus, the ERS clearly has the power to deny per diem judges membership in the system. However, HAR § 6-21-14(5) arguably provides limited detail concerning how the ERS determines whether a per diem judge's position "requir[es] less than one-half [of] full-time employment." That is why the 1990 and 2017 Memoranda became central to this dispute.

B. <u>The 1990 and 2017 Memoranda</u>

In response to an inquiry from the Judiciary, the ERS sent the Judiciary the 1990 Memorandum, which stated, *inter alia*:

> Based on [an AG memorandum], per diem judges will be eligible for membership provided the following requirements are met:
>
> 1. Work more than 3 consecutive months, and
>
> 2. Work more than 20 hours per week (80 hrs. = 50% FTE)
>
> If the per diem judge serves more than 3 consecutive months for the initial term with a minimum of 80 hours per month, the Judiciary must enroll the per diem judge into the Retirement System. . . .

The 1990 Memorandum also stated, *inter alia*:

> <u>ADMINISTRATIVE PROCEDURES FOR PER DIEM JUDGES WHO BECOME [ERS] MEMBERS</u>
>
> 1. Once membership is established, the current procedure of enrolling new members should be followed. Please note that the SF-5 should indicate the FTE at least 50%. The per diem judge's subsequent service will be determined by the number of hours worked each month.

Thereafter, the Judiciary enrolled per diem judges as ERS members, deducted contributions for per diem judges, and provided the ERS payroll records reflecting hours of work for per diem judges. However, it appears that the Judiciary did not change the form SF-5 designation for per diem judges from 20% FTE

8

to 50% FTE.[4]  Apparently, in 2017, the ERS learned that the per diem judges' SF-5 forms still stated that the position was 20% FTE.  The ERS then issued the 2017 Memorandum, which stated:

> The purpose of this memorandum is to rescind the [1990 Memorandum], regarding the ERS membership enrollment of per diem judges.
>
> Effective October 1, 2017, the ERS no longer credits per diem judge service, nor will we enroll per diem judges for ERS membership.  Our prior administrative directive allowed the enrollment in the ERS of per diem judges if they worked (1) more than 3 consecutive months and (2) more than 10 days of the month.  As the per diem judge positions are designated by the Judiciary at 20% full-time equivalence (FTE), such positions are ineligible for ERS membership pursuant to our Hawaii Administrative Rules, Section 6-21-14(5).  Enclosed is our Administrative Directive 2017-02 for your internal use only.

In ruling on Martell's petition for a contested case hearing on the issue of whether the ERS improperly stopped crediting her service as a per diem judge toward her retirement benefits, the ERS Board determined, *inter alia*, that neither the 1990 Memorandum nor the 2017 Memorandum were rules, subject to the rule-making procedure set forth in HRS § 91-1 (2012), *et seq.*

In the Circuit Court proceedings, Martell argued, *inter alia*, that the ERS Board reversibly erred in concluding that the 1990 and 2017 Memoranda did not constitute rules within the meaning of HRS § 91-1 and that the 1990 and 2017 Memoranda were unlawful rules.  The Circuit Court found and concluded that both the 1990 Memorandum and the 2017 Memorandum were improper rule-making.  The ERS Parties argue to this court that the Circuit Court erred in so doing.

---

[4]  While not clearly stated in the record, it appears that the SF-5 is a form used by human resources to describe positions and process certain personnel actions, and the use of the term was not a source of ambiguity.  FTE means full-time equivalence.

C.    Invalid Rule-making

HRS § 91-1 defines a rule as follows:

> "Rule" means each agency statement of general or particular applicability and future effect that implements, interprets, or prescribes law or policy, or describes the organization, procedure, or practice requirements of any agency.  The term does not include regulations concerning only the internal management of an agency and not affecting private rights of or procedures available to the public, nor does the term include declaratory rulings issued pursuant to section 91-8, nor intra-agency memoranda.

If a regulation is determined to be a rule under HRS chapter 91, the agency must follow the rule-making procedure under HRS § 91-3 in order to adopt, amend, or repeal the rule. Kawashima v. State, 140 Hawaiʻi 139, 149, 398 P.3d 728, 738 (2017).  If the regulation is not a rule, then the regulation may be amended at any time.  Id.

The internal management exception applies to "regulations concerning only the internal management of an agency and not affecting private rights of or procedures available to the public."  HRS § 91-1.  The internal management exception was intended to have a "limited scope," and courts should "foreclose any tendencies that agencies might exhibit to avoid the rule-making requirements by casting regulations in terms of internal management." Green Party of Haw. v. Nago, 138 Hawaiʻi 228, 238, 378 P.3d 944, 954 (2016).  Appellate courts determining whether the internal management exception applies should consider "to whom the regulations are directed.  If the regulation is principally directed to its staff, then it is generally considered to be a matter of internal management." Kawashima, 140 Hawaiʻi at 150, 398 P.3d at 739 (citation omitted).  This approach is consistent with the legislative history of HRS § 91-1:

> It is intended by this definition of "rule" that regulations and policy prescribed and used by an agency principally directed to its staff and its operations are excluded from the definition.  In this connection your Committee considers matters relating to the operation and management of state and county penal, correctional, welfare, educational, public health and mental health institutions, operation of the National Guard, the custodial management of the property of the state or county or of any agency primarily a matter of "internal management" as used in this definition.

Id. (quoting H. Stand. Comm. Report No. 8, in 1961 House Journal, at 656).

Here, the 1990 Memorandum and the 2017 Memorandum were agency statements – *from the ERS to the Judiciary, not just its own staff* – of general or particular applicability and future effect – *of general applicability to and future effect concerning ERS membership eligibility for per diem judges* – that prescribe policy – *the ERS's policy concerning the ERS's exercise of its power to deny per diem judges membership in the ERS retirement system*.  Both Memoranda affect the private rights of or procedures available to per diem judges, who are members of the public who are potentially served by the ERS, not employees of the agency needing guidance.  Both Memoranda also describe the administrative procedures for ERS's determination of ERS membership eligibility for per diem judges.  Absent the 1990 Memorandum there was no rule in place defining the criteria and procedures to be used for determining whether a person was in a position requiring less than one-half of full-time employment, other than HAR § 6-21-14.  The 2017 Memorandum amended the 1990 statement of criteria and procedures by rescinding the 1990 Memorandum, and in effect stating new criteria, *i.e.*, that the 1990 "Please note" concerning the SF-5 designation was a determinative requirement for eligibility, regardless of an

employee's actual service hours.  The Circuit Court did not err in concluding that the 1990 Memorandum and the 2017 Memorandum constituted rules.  It is undisputed that ERS did not follow the statutory requirements for rule-making.  Therefore, the Circuit Court did not err in concluding that ERS engaged in improper rule-making with respect to both Memoranda.

D.    The Circuit Court's Remedy

The ERS Parties raise numerous arguments challenging the relief that the Circuit Court granted to Martell, which is as follows.  First, the Circuit Court reversed the ERS Board's denial and dismissal of the Amended Petition.  Second, the Circuit Court ordered that the case be remanded to the ERS Board to take further action consistent with the court's decision, with instructions for Martell to be credited for service from October 1, 2017, to December 31, 2021, for months meeting the requirements of the 1990 Memorandum, as previously interpreted, and to adjust Martell's pension accordingly.

As ERS argues in part, even if both the 1990 Memorandum and 2017 Memorandum are improper rules, the Circuit Court's rationale in ordering service credit to Martell from October 1, 2017, to December 31, 2021, is unclear.  The Circuit Court found that the 1990 Memorandum was improper rulemaking.

Because the 1990 and 2017 Memoranda were improper, per diem judges were members by default under HRS § 88-42, unless they were excluded by the ERS under HRS § 88-43.

The ERS stated that it relied on its "revisited" interpretation of HAR § 6-21-14(5) – and the assertion that Martell's per diem judge service did not meet the ERS requirement

12

of membership service because the position was based on 20% FTE. In the Order Resolving Appeal (at page 4), the Circuit Court determined that the ERS Board correctly interpreted ERS rules for membership exclusion, specifically HAR § 6-21-14(5). In its Final Decision, the ERS Board determined, *inter alia*, that HAR 6-21-14(5) excluded judges designated as 20% FTE from membership:[5]

> 22. HAR § 6-21-14(5) excludes from membership, persons in any position requiring less than one-half of full-time employment, except for certain faculty and lecturers employed by the University of Hawaii expressly identified at HRS § 88-43.
>
> > a. The exclusion from membership set forth at HAR § 6-21-14(5) is not limited to persons in lecturer positions.
> >
> > b. The exclusion from membership set forth at HAR § 6-21-14(5), by its plain language, applies to persons in "any" position requiring less than one-half of full-time employment, "including but not limited to" persons in lecturer positions.
> >
> > c. HAR § 6-21-14(5) excludes from membership, persons in per diem judge positions which the Judiciary has designated part-time and 20% FTE.
>
> . . . .
>
> 23. Therefore, under HRS § 88-43 and HAR § 6-21-14(5), persons in any part-time position requiring less than 50% full-time equivalence are precluded from membership, except for certain faculty and lecturers employed by the University of Hawaii expressly identified at HRS § 88-43.
>
> . . . .
>
> 25. HAR § 6-21-15(a) provides "[a] member shall not be eligible for service credit for any period of service as an employee excluded from membership in the system."
>
> 26. Thus, service credit may only be provided to a member for service rendered in the position both meeting membership eligibility requirements and upon which membership is based, and for which required contributions are made.
>
> 27. Therefore, under HRS § 88-42.5 and HAR § 6-21-15(a), persons in any position precluded form [sic] membership pursuant to HRS § 88-43 and HAR § 6-21-14(5), including but not limited to any part-time position requiring less than 50% FTE (except for certain faculty and lecturers expressly identified at HRS § 88-43), are also

---

[5] In the Final Decision, the ERS Board re-affirmed the findings of fact and conclusions of law (**COLs**) set forth in the Proposed Decision, with some modifications. COLs 22 to 27 are contained in the Final Decision, and COLs 28 and 30 are contained in the Proposed Decision.

precluded from being provided with service credit for service rendered in such position.

. . . .

28. Petitioner is not eligible for membership and/or credit on and after October 1, 2017, for her employment in the position of a part-time per diem judge (designated 20% FTE).

. . . .

30. The Judiciary's enrollment of Petitioner as an ERS member, and delivery of Petitioner's member contributions and payroll records to the ERS, constitutes a false representation by the Judiciary to the ERS that the Judiciary caused Petitioner to meet the conditions of eligibility for enrollment as an ERS member by designating Petitioner's part-time per diem judge position 50% FTE, for which false representation the ERS shall not be liable.

. . . .

The Circuit Court determined that "[o]nce an employee is excepted pursuant to subsection 6-21-15(5), that exception stands." As noted above, Martell did not appeal from or otherwise challenge the Circuit Court's determination that the ERS Board correctly interpreted ERS rules for membership exclusion.

Accordingly, we cannot reconcile the Circuit Court's rulings that the ERS Board correctly interpreted ERS rules for membership and that the HAR § 6-12-14(5) exception stands with the Circuit Court's conclusion that Martell was entitled to additional service credits. Therefore, we conclude that the Circuit Court erred in reversing the ERS Board's Final Decision and awarding further service credit to Martell based on its stated rationale. However, we take no position on whether a clarification or alternative rationale might support this remedy.

For these reasons, the Circuit Court's August 10, 2022 Order Resolving Appeal and Judgment, as well as September 9, 2022 Order to Amend Judgment and Amended Judgment, are vacated. This

14

case is remanded to the Circuit Court for further proceedings consistent with this Memorandum Opinion.

DATED:  Honolulu, Hawaiʻi, October 29, 2025.

On the briefs:

Patricia Ohara,
Diane W. Wong,
Deputy Attorneys General,
for Respondents/Appellees-
Appellants.

John Barkai,
Lance D. Collins
(Law Office of Lance D.
Collins),
Bianca Isaki
(Law Office of Bianca Isaki),
for Petitioner/Appellant-
Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge